947 F.2d 949
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BAY HARBOR HOSPITAL, INC., Plaintiff-Appellant,
v.
THE TRAVELERS INDEMNITY COMPANY; EPT Enterprises, Inc.,
Defendant-Appellee
 No. 90-56044.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 16, 1991.
Decided Nov. 6, 1991.
 
 1
 Before WILLIAM A. NORRIS and DAVID R. THOMPSON, Circuit Judges, and KING, District Judge*
 
 
 2
 MEMORANDUM**
 
 
 3
 Bay Harbor Hospital Inc. (Bay Harbor) appeals the district court's orders granting partial summary judgment in favor of the Travelers Indemnity Co. (Travelers) and EPT Enterprises Inc. (EPT) and dismissing Bay Harbor's claim brought under California Insurance Code § 790.03(h) in its California law bad faith action based on Travelers' and EPT's refusal to defend or indemnify it in two medical malpractice suits.
 
 
 4
 The district court properly held that Bay Harbor was precluded from claiming attorney's fees allowed by Brandt v. Superior Court, 37 Cal.3d 813 (1985), after April 23, 1986. Travelers' obligations under the policy were to defend Bay Harbor and to indemnify it in case of covered liability. Travelers fulfilled its obligation to defend Bay Harbor on April 23, 1986, when it informed Bay Harbor that it would pay past and future defense costs in the two underlying lawsuits. Travelers' reservations of rights was not a breach of its duty to indemnify Bay Harbor. Ins. Co. of the West v. Haralambas Bev., 195 Cal.App.3d 1308, 1319 (1987).
 
 
 5
 The issue of whether Travelers waived its right to, or was estopped from, reserving its rights was not pleaded in Bay Harbor's Complaint or included in its pretrial conference order. Therefore, it is not properly before the court. Eagle v. American Tel. and Tel. Co., 769 F.2d 541, 548 (9th Cir.1985). For the same reason, the issue of whether Travelers properly reduced its payment to Bay Harbor's attorney in reliance on California Civil Code § 2860 is not before the court.
 
 
 6
 The district court correctly granted summary judgment in favor of Travelers and EPT on the issue of punitive damages. California Civil Code § 3294(a) authorizes recovery for punitive damages by a plaintiff who has proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice. Travelers' reservation of rights cannot give rise to punitive damages because any judgment against Bay Harbor might have been beyond the scope of its indemnity obligation. As to the duty to defend, looking at the evidence presented in the light most favorable to Bay Harbor, it cannot be said that either Travelers' or EPT's actions constituted fraud, malice, or oppression.
 
 
 7
 The district court properly held that EPT could not be sued for bad faith under Delos v. Farmers Ins. Group, 93 Cal.App.3d 642 (1979). Delos involved the relationship between an inter-insurance exchange and its attorney-in-fact and recognized an exception to the general rule that a non-party to an underlying contract cannot be held liable for breaching the duty of good faith and fair dealing. This case is distinguished from Delos in that the relationship between Travelers and EPT is not one of insurance-exchange and attorney-in-fact. Additionally, EPT did not have the unfettered power to exercise all the functions of an insurer, as did the attorney-in-fact in Delos.
 
 
 8
 The court need not decide whether the district court properly dismissed Bay Harbor's claims under California Insurance Code § 790.03(h). Bay Harbor could not recover punitive damages. Therefore, the only damages possibly recoverable under California Insurance Code § 790.03(h) were compensatory damages and attorney's fees and costs in pursuing its action under § 790.03(h). However, since Bay Harbor was fully reimbursed for the cost of defending the two underlying lawsuits, it cannot properly recover any further compensatory damages.
 
 
 9
 Assuming, without deciding, that attorney's fees and costs would be recoverable in actions brought under § 790.03(h), the rationale of Brandt applies. That is, fees and costs are recoverable only to the extent that they were reasonably incurred in an action to obtain compliance with the insurer's statutory obligations under § 790.03(h). Fees attributable to the bringing of the bad faith action itself are not recoverable. Brandt, 37 Cal.3d at 798.
 
 
 10
 Bay Harbor had received all of the rights due it under the insurance policy by April 23, 1991. Likewise, Travelers and EPT had either fulfilled or cured any deficiency in their applicable statutory obligations under § 790.03(h) by the same date. Therefore, even assuming that attorney's fees and costs would be recoverable in an action to enforce § 790.03(h), Bay Harbor could recover them only up to April 23, 1991. Since Bay Harbor has already been fully compensated for these expenses through Brandt fees and costs, the court need not address the issue of whether identical fees and costs could have been recovered under § 790.03(h).
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by the 9th Cir.R. 36-3